Good morning, Your Honors. Andrew Paley on behalf of Appellant Radio Shack. I'm here with my colleague, Laura Rutherford. I'd like to reserve five minutes. Sure. Could you speak up a little bit too, please? Yes, I'm sorry, Your Honor. I heard what you said, but keep your voice up if you wouldn't mind. This case presents the court with the opportunity to rule on two very important issues in the context of the ever-burgeoning class certification jurisprudence. The first is, allows the court the ability to clearly articulate that a trial court cannot predicate membership in a class based upon a determination of the merits. The second is an opportunity for this court to adopt the standard articulated by the Third Circuit in the hydrogen peroxide case that the trial court is required to clearly identify the legal elements of the claims before determining whether or not a class can be certified. And that the common issues with regard to B3 standard, the predominance of common issues have to be addressed in relationship to those actual legal elements. And in both cases here, the trial court erred in its handling of those issues. Counsel, it seems to me that the definition of the class in this case is, with the possible exception of one phrase, absolutely garden variety, run-of-the-mill class. And if the phrase, without receiving the full amount of mandated premium pay, were deleted, it would perhaps increase the number of class members. But it seems to me that the only point of this class definition is to say there are people who are instructed to attend these special weekend meetings, and there are people who work a split shift. And those are the people we want to focus on because they may or may not have been paid properly under the law. May or may not. And I guess it seems like there's a lot of your argument is sort of a lot of sound and fury over very little, in my opinion. I disagree, Your Honor. The court definition, if you eliminate the liability prong of the court's definition, as you just articulated, what you're left with is certifying a class of every single employee who worked at a retail store at Radio Shack over a seven-year period, which at this point... So what if the question is a common wage and hour question, which is how does the law treat people who have to attend Saturday meetings? How does the law treat people who work a split shift? That's a question that can be answered pretty easily. Here are the rules. And then you look at how people were paid, and they either match up or they don't. But it seems like a relatively straightforward exercise. The question of how the law is required to treat them with regard to payment may be a common question in terms of summary judgment issue if you articulate what the legal elements are. But that does nothing for you in terms of ascertaining who might be affected here, because it is simply not the case that every employee attended one of these meetings. And there are several types of meetings, the plaintiffs... Well, if they did, they're not in the class. If they didn't attend a Saturday meeting, they're not defined as people who attended a Saturday meeting. But therein lies the rub, because there's no way to determine who is in and who is not in the class from an ascertainability standpoint. While RadioShack maintains... That wasn't your argument. Your argument is that you have to go to the merits first before you can figure out who's in the class. Now you're saying, well, it's a different problem. We just can't even figure out who went to Saturday meetings. That's a different question. No, Your Honor. It's part of the same, which is that the Court used a fail-safe definition. And what we argued is that by... That's all you say. There is no proper alternative to the fail-safe definition. Fail-safe. But it's only fail-safe if we construe it the way you construe it, the way Judge Graber is suggesting. It's not a fail-safe definition, so-called. At that point... It's not circular, in other words. Correct. At that point, it is no longer fail-safe. However, it no longer becomes ascertainable. It is, by definition, overbroad and not ascertainable. You're saying it's unascertainable because it applies to all employees. Well, fine. So? There is no... It can apply to everybody who bought a widget in the country. Ten million people bought a widget. And there's no way to ascertain. But ten million people bought a widget. We know that. We've got... Say all your employees were put upon, let us say. Let me be clear in what I'm saying. This common question of law or fact, right? We can ascertain who worked for Radio Shack. That's ascertainable. What's not ascertainable is who attended a Saturday morning meeting, if that's the type of meeting that you want to focus on for the purpose of this hypothetical. That takes place at the liability phase. If you get a legal ruling that this is what happens when a person applies, it has to go to a Saturday meeting, then in order to... And they get $14.19 each. Then they have to file a claim and say under oath whether they had to do this or not. But then we're into a series of mini-trials and non-collective proof because there's no way to determine liability. So you say, but it's just... You're putting a label on it that doesn't really match with the reality of how these cases are tried. Well, I disagree with that. Well, I know you do. This is what I did for a living before I was a judge was employment law and defended these cases like you're doing. So I think I have a reasonable sense of how they go  This case is not the same as the... Appellees like to say it's garden variety, a wage and hour case. That's not true. There are issues here that are very specific and individualized to these particular claims. For example, if we were to take the split shift claim, can we determine based upon the time records, did somebody work two periods with a gap between periods? Yes, we can. Absolutely, we have the time records. Can you, however, determine the reason for that gap? And the answer is no. There are no records that show that and there's no records that are mandated to show that. Why is that necessary? Why does the reason become relevant? Because what the regulation says is established by the employer, a split shift that's established by the employer. And as the Court of Appeal, the California Court of Appeal in the old Heidelberg case, correctly stated that if it is for the convenience of the employee, then there is no liability. There's no premium owed. The evidence here, while split shifts are not frequent, that employees ask for split shifts on occasion. Sometimes the manager asks the employee to work split shift. The only way you can know the answer to that question is to put on evidence for each particular person. No, that seems to me something that comes at the claim stage at the very end. As I understand it, Radio Shack had a common policy, or at least that's the allegation at this stage of the litigation, that Radio Shack had a uniform policy concerning split shifts, that there wasn't to be extra compensation for those. That's the allegation. It might not be true. But there's a set of rules that apply to split shifts. And so there's a common legal question there. Your Honor, what the evidence actually is is that Radio Shack pays one hour of regular rate in addition if the employee is working split shift because the manager requests the employee to work the split shift. Again, though, the issue is if there are individuals out there who say, I worked a split shift and I wasn't paid a split shift premium, the question is, does that individual qualify in the first instance for the payment? That's a liability question, not a damages question. And to answer that question, you need to know why the individual worked the split shift. Did they do it because they had a doctor's appointment? Did they do it as, for example, the evidence here indicates that some people, there was an individual who wanted to go have lunch with his fiancee every day, not every day, when it worked split shift. Or is it because the manager said, I need you to come back in to do inventory tonight? Moving over for a moment to the report time. Before you move too far, it's kind of interesting. One of the complaints of the district judge has created too broad a class, a class that doesn't work, and the district judge has, for stipulation, agreed that there are some legal issues that I'll decide now. We'll do it up front, and who knows, the judge might change the nature of the class or might dismiss the class after resolving those issues, right? The parties have agreed and the district court has agreed, all that's going to happen. So there's a suggestion that all this is set in stone and now it's all over with. That's not quite true, is it? You're correct. After the certification decision, Judge Matz apparently, I don't want to say he recognized the errors of his ways, but he certainly understood that his class definition was imperfect and he asked for additional briefing on the issues. Have you all stipulated to him? I'm sorry, Your Honor? Have you all stipulated to that order, no? We stipulated to briefing schedule on it. When we were discussing how this arose is in the discussion of compiling a class list. The court had certified the class, and the discussion then turned to how do we prepare the notice and who do we send this to, and in the course of the discussion, the court quickly understood, at least I believe the court understood the point that we were trying to make, which is we have no, the court's order gives no guidance as to who this notice goes to, and so the court then requested additional briefing, and the party stipulated to the manner of the briefing and the timing of the briefing. The parties have met and conferred and agreed the following legal issues need to be determined. Yes. The court asked the parties to sit down. This came from the court's suggestion. The court said, okay, it's clear to me that I need further guidance here. The party should sit down and submit the questions to me that they think I need to answer to be able to determine how a class list can be generated. Our position is that you need to address these questions, and the answer is your class definition is fundamentally in error. And so certainly what we were hoping that Judge Matz was going to do at the end of the briefing, and he never did rule because the court granted the interlocutory appeal request. I thought you stipulated that he shouldn't. Correct? Well, Judge Matz actually said that I don't see why I need to be ruling. This court has accepted the case for appeal, and the case will stay. I thought you all had stipulated that you should put that off. Well, I think everybody agreed with Judge Matz's suggestion was that given the court's order. Joint application and stipulation request will stay the case. That's what I read in your documents. Yes, Your Honor. After Judge Matz said to us, doesn't it make sense for me to simply put this case on hold? The Ninth Circuit has taken it. Our position certainly was, yes, that's correct. Right. I have another question about the definition of the class. As I understand it, they came up with a definition, proposed it to Judge Matz, and Judge Matz reworked it. He came up with his own formulation. Correct. One of the things the Applees have suggested is that they could go back to the original definition that they proposed or some other variant. Do you have any comment on that? Yes. The definition that the Applees first suggested was similar to Justice Scraper's. It was all employees at Radio Shack, essentially. In California. In California, yes. Certain dates. All retail employees in the State of California between the certain dates. From your comments earlier, that might be accurate, because when I said if you take away that phrase without receiving the mandatory pay, you said, well, that's all the California employees, and so maybe that is the right definition. That's the definition that the Applees suggested to the Court,  because by definition, it's vastly overbroad. There is no suggestion in the record that every employee attended one of these meetings. And mind you, attended one of these meetings, and fundamentally what their claim is, then either didn't work a shift before or after the attendance of the meeting. I'm trying to get at it. They've come up with an alternative definition to try to meet your objection. Do you have any problem with what they've come up with? Yes, I do, which is that their alternative definition is instructed to attend a meeting and didn't otherwise work thereafter. The problem is twofold. One is an ascertainability problem, again, because there are no records of any meetings of the meetings or who attended the meetings. That's your problem. I mean, that's a proof problem, right? I mean, that's not a definition problem. It's an ascertainability problem that you can't. I mean, they know whether they attended or not. For sending out a class list? I mean, the people who were at the meetings know they were at the meetings. So what's wrong with going back to all of the California employees between the certain dates? This Court has already held that defining a class of employees as being linked by a common claim to be denied certain benefits is a permissible definition. And so all it requires is to say anyone within these dates gets a notice. I guess I just don't see the problem. It's more than a notice. We're not dealing with an FLSA claim. It's a Rule 23 case where unless they affirmatively opt out, they are a member of the class. And then we have to deal with determining the liability for all of those individuals. And that then devolves into the individual issues that we addressed. And I realize I only have 30 seconds left. No, actually, you're over time. So thank you very much. Thank you. Ms. Freeman. Thank you. Yes, I'm Freeman for the class. The issue with respect to the fail-safe definition and whether or not the fail-safe definition is permissible is something of a red herring because the question, as it has been framed here, is not whether a fail-safe class is permissible. It's what is a fail-safe class. If you define a fail-safe class as something that is so hopelessly unmanageable that you cannot identify the individuals to whom to send notice, no, that is not permissible, and that is not what we are arguing. Well, if the judge's statement of the class really does say the people in this class are everybody to whom you're liable for not having paid split-shift premium, then that is indeed a fail-safe class, is it not? Because as soon as you find out that you're not liable to that person, the person is out of the class by definition. If we read the judge's statement like Judge Graber suggested, then it's not a fail-safe class. Your Honor, yes, I cannot defend. I like my definition, and I would advocate most strongly for my definition, which is the original definition. Your definition is just sort of smearing over. You mean your thing about all employees? Well, my original definition was all California employees of defendant paid on an hourly basis as non-exempt employees for the period March 2003 to the present. And the reason we originally proposed that is because, in fact, we do believe that all or virtually all California employees were subjected to these policies. They are uniform, consistent policies. And they seem to say sometimes that's true. Sometimes they do work split shifts. Some people do work split shifts. Not everybody. Some people work split shifts because they want to work split shifts, and that means we're not setting it. Think about all kinds of ifs, ands, or buts put into that. If the district judge says, look, we're talking about anybody who worked a split shift, anybody who attended a Saturday story meeting. Attended one of the meetings or, in effect, exactly. Yes, and that is why I proposed the second alternative, which I did not hear an articulated objection to the second alternative, which does put the ‑‑ it allows you to give notice to all the class. And that is once ‑‑ the fail safe problem is you don't know who to give notice. It's something like all homeless people whose civil rights were violated. Let me. It's not the only fail safe problem. The fail safe problem is that the defendant goes through this horrendous class action case, and when he gets to the end, if somebody's not liable, he's also out of the class. He's not part of the class. Yes, and therefore the defendant has no protection against that person. That's ‑‑ it's not simply you don't know who to give notice to. Sure, you don't know who to give notice to, but who's in the class? Well, that's ‑‑ but my definition would actually give greater protection to the defendant because it would ‑‑ if the people have the opportunity to present a claim, first of all, they're bound by the court's ruling if it goes against us, and second of all, if they have the opportunity to present a claim. When we talk about the court's definition, what does it mean? Isn't that what's on appeal? We're not here on your definition. If the court definition simply says we're including anybody who had to attend a meeting and didn't get the full ‑‑ anybody who had to attend a meeting, in effect, and anybody who worked a split shift, if that's in effect what the court's trying to say, Yes. Then maybe that's your definition and maybe it's not, but the question is if we construe the court's order that way, is it a failsafe class? It seems like it's not. I don't believe it is a failsafe class. I think as I have indicated in the brief, wage and hour claims are fairly routine, and in any definition of class there's going to be some reference to the wrong that's being alleged. There has to be. So what would you have us do? Do you want us to keep the classes defined or do you want to go back and amend it? I kind of got the impression from your briefing that you want to amend the definition. My preference would be, yes, to accept the original class definition proffer, and failing that my fallback position is to accept the alternative, which I tried to be a compromise, which I think class definitions are a compromise. I do see that. Let me see if I can get some closure on a question that I have here. If we view this phrase without receiving the full amount of mandated premium pay as essentially surplusage, as part of what the claim is rather than the end result of the claim, we have a class of hourly workers, March 2003 to the present, either who attended a Saturday meeting or worked a split shift or both. And it appears to me that both you and opposing counsel say, well, that pretty much covers everybody. So I guess I'm not sure you're really that far apart in that sense. You're saying, well, we think it's everybody, and they're saying, well, what makes it difficult is it seems to be everybody. So what would be wrong with interpreting what the trial court did as that? Nothing. I would be very satisfied with that. I think that that's fine. Because I think that ultimately the evidence will support our side of that, and I think that we'll be able to prove our case, but that's not for this court today. And possibly after the court answers some more of these questions that you all have outstanding on there, the court might decide to get out of here. To decertify. Decertifying the class. Well, that could happen. I'm not saying that you would agree with that, other than the court could do one of those who knows what the court's going to do in that respect. We're deciding what's before us right now. That is correct. And the way the court had sequenced things was that the more legal interpretive type questions would come up next, which I do believe that we agreed to that, and I do believe that that is the right approach because that will. . . It appears that both sides agree that there are some policies in place that apply to all these folks that are either okay or not okay as a matter of law. That is correct. And in terms of that, you know, we did argue that in the brief, but I do believe that it is premature to argue that now, so I will not unless the court directs me otherwise. Could you answer my question again? I'm not sure I understood. What would you have us do today? Do you want us to affirm the class definition as drafted by Judge Mazur, or do you want us to do something else? My first preference would be for the court to, and what I am asking for is for the court to direct the district court to reinstate, if you will, the original definition, the definition as this court has indicated it could be modified, or the third alternative. I do not believe there is one bit of practical difference between those three, and I am happy with any one of those three alternatives. Your worthy opponents, I should say, would say then, well, okay, fine, but if you do that, the problem is you've defined a class that simply can't work. It's just the individual issues far outweigh any class issues, et cetera. Do you want to say anything about that? Yes. If that is true, then I don't believe that any wage and hour case could ever be certified because there's always the issue of damages, and I think the case law is clear and unequivocal that the variation in damages, in other words, one person may have attended only one meeting, one person may have attended ten meetings over three years, those types of issues are present in every wage and hour class action case, and they're easily dealt with. We now have the electronic technology, frankly, to make it much easier than it was perhaps when these cases started in their infancy. Now this is just not that difficult a case. It's actually a fairly simple case in many ways. What's your answer to the argument Mr. Paley made, they don't know who to give notice to? I believe that we could do it one of two ways. One, we could have some additional discovery to get the names and addresses of each of the employees and some either all or some representative sample of their records, their time records, which are available, and if in fact it shows that virtually all of the employees do have some claim, do have some Saturday meeting or district court meeting, and I do understand the difference between the two, then indeed notice will go to all 15,000 employees as often happens. This is not a very remarkable circumstance. The last point was the clearly identified legal elements issue, and I do think that I would just like to point out that the district court did identify the legal elements, and that's quite clear at the record at 128 in the order. What the court did not do was decide the merits of our particular dispute regarding the historical development of these two wage orders that are at issue here, and the court did not, the court allowed for further briefing, which I think was entirely possible. And again, if there is no appetite to decide the merits, then I don't want to waste the court's time going into that, but I certainly have an opinion. I don't think they're before us, because I understand what's before us on appeal. It's one order. Well, I agree with that, and I really have nothing further to say, so thank you very much. I think you exceeded your time. We'll give you 30 seconds, but if you keep it to 30, please. I appreciate the additional time. The fundamental problem with what counsel just said with regard to the class notice is that the records do not show who has a potential claim. All the records show, the time records will show, is the amount of time worked. It does not show attendance at meetings. It does not show the type of work done. So the suggestion that we could somehow sample records and determine who attended meetings or who has a potential claim in this case is simply wrong. There is no way to do that, and that is precisely why the individual issues are going to predominate, and it is not a damages question. It's a liability question. Thank you very much. Thank you, Mr. Bailey. The case just argued is submitted.
judges: Fernandez, Silverman, Graber